

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2002

# Cononie v. Alghny Gen Hosp

Precedential or Non-Precedential:

Docket 1-2024

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Cononie v. Alghny Gen Hosp" (2002). *2002 Decisions.* Paper 99.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/99

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 01-2024


KAREN CONONIE,
                    Appellant

v.

ALLEGHENY GENERAL HOSPITAL


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 99-cv-01376)
District Judge:  Hon. Gustave Diamond, Chief Judge


Submitted Under Third Circuit LAR 34.1(a)
February 4, 2002

     Before:  SLOVITER, AMBRO, Circuit Judges, and POLLAK, District
Judge

  (Filed         February 5, 2002                        )


MEMORANDUM OPINION OF THE COURT

SLOVITER, Circuit Judge.

Karen Cononie commenced this action in the United States District Court for the Western District of Pennsylvania against Allegheny General Hospital ("Allegheny") pursuant to Section 15(a)(3) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 215(a)(3) (2001), alleging that she was fired from her employment in retaliation for filing a complaint with the Wage and Hour Division of the United States Department of Labor ("DOL"). The District Court granted summary judgment to Allegheny and Cononie appeals.

I.

Cononie was employed as a patient-care technician by Allegheny for over nine years prior to her termination on August 25, 1997. In April 1997, Cononie called the DOL to complain that one of her supervisors was altering timecards to reduce the amount of overtime worked. This complaint eventually led to an investigation and a fine levied against Allegheny.

On June 30, 1997, Cindy Geary, the manager of the Patient Care Technician Department, was first notified of the impending DOL investigation. That same day, though not necessarily in this order, Geary notified Cononie that she was being investigated by the hospital for allegedly violating Allegheny's confidentiality policy in April 1997 and that this investigation had begun in May 1997. These alleged violations eventually led to Cononie's termination in August 1997, though Cononie argues that the true reason for her termination was retaliation for her complaint to the DOL.

The District Court found that Cononie had made a prima facie case of retaliation, albeit a weak one, but that she had failed to raise a genuine issue of material fact that the legitimate reason for the discharge offered by Allegheny was pretextual. Because we write solely for the parties, we need not set forth a detailed recitation of the background for this appeal and will limit our discussion to resolution of the issues presented.

II.

We exercise plenary review over a district court's grant of summary judgment. See Pittston Co. Ultramar America Ltd. v. Allianz Ins. Co., 124 F.3d 508, 515 (3d Cir.

1997).  We must review the record as a whole and "give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses."  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000) (citations and quotations omitted).  We have jurisdiction pursuant to 28 U.S.C. 1291.

The appropriate framework for analyzing claims of unlawful retaliation under the FLSA is the familiar burden-shifting framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  The District Court examined the evidence and found the evidence in support of the third prong of Cononie's prima facie case, a causal connection between her protected activity and discharge, was "unlikely" to lead a reasonable juror to infer a causal link.  Nevertheless, the District Court gave Cononie the benefit of all possible inferences and concluded that the link was at least "conceivable" and sufficient to raise a genuine issue of material fact as to her prima facie case. App. at 12.

The District Court then noted that the defendant had proffered evidence of a legitimate, nondiscriminatory reason for its termination of Cononie, her violation of the hospital's patient confidentiality policy, a violation Cononie admits knowing could lead to termination.  Thus the dispute lies with the final step of the analysis, whether Cononie has presented enough evidence to make a genuine issue of material fact as to whether the reasons given by Allegheny were a pretext for unlawful termination.

To defeat summary judgment when the defendant has offered a legitimate reason for its action, the "plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994) (citations omitted).

In this case, Cononie argues that the District Court erred in holding that her evidence that the defendant's offered reason was not the true reason for Cononie's

termination was insufficient to make a factual issue.  Allegheny presented evidence that Geary learned of Cononie's alleged confidentiality violation in May 1997 when an employee complained to another supervisor.  Geary testified that she began to investigate the computer records to determine if they had in fact been accessed but was unable to verify the complaint.  It was not until June 29, 1997 that Geary learned that three employees had reported observing Cononie accessing confidential computer files.  These facts are set forth in Geary's deposition testimony, and corroborated at least in part by the deposition testimony of Larry Thomas, Rebekah Scheid, Rudy Lang, and Jeff Cummins.

In order to withstand summary judgment, Cononie needed to present the court with some evidence that "must demonstrate such weaknesses, implausibilities, inconsistencies, inchoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence,' . . . and hence infer 'that the employer did not act for [the asserted] non-discriminatory reasons.'"  Fuentes, 32 F.3d at 765 (citations and emphasis omitted).  Cononie has failed to meet this standard.  She has offered no evidence to demonstrate that the investigation into her violations did not begin prior to Geary's notice of the DOL investigation.  The fact that Cononie was approved for a wage increase on June 23, 1997 does not refute Allegheny's proffered reasons since Geary did not have any corroborated evidence of Cononie's violations until June 29, 1997.

Cononie also notes some inconsistency in the testimony of Thomas and the testimony of Scheid, of Lang and of Cummins regarding the manner in which the latter three relayed their knowledge of Cononie's alleged confidentiality violations.  However, the testimony of the three is consistent with Geary's testimony, the ultimate determiner of Cononie's employment status, and is not so inconsistent with Thomas' testimony that it demonstrates any serious weakness in Allegheny's proffered reasons.  Cononie has presented no evidence to cast doubt on Geary's or Thomas' testimony.

The fact that Allegheny could not show any instances in which it had disciplined other employees for violating the confidentiality policy does not lead to a reasonable

inference in favor of Cononie that the treatment of her case was motivated by retaliatory interests in light of other potential reasons for the lack of additional disciplinary actions. As Cononie notes, the District Court was not precluded from considering evidence from her prima facie case in determining whether the proffered reason was pretext, but we do not find the prima facie evidence sufficient to reverse the District Court's decision.

III.

For the reasons set forth, we will affirm the District Court's grant of summary judgment.

_____

TO THE CLERK:

      Please file the foregoing opinion.


         /s/Dolores K. Sloviter

         _____

         Circuit Judge